1

2                                                      FILED

3

4                                          2020 OCT 23  P 12: 29

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   EDMUNDO C.,                          )  Case No.:  3:14-cv-02105-BEN-RBB
                                          )
12                   Plaintiff,           )
                                          )  **ORDER REQUIRING THE CLERK**
13   v.                                   )  **OF THE COURT TO REJECT ALL**
                                          )  **FUTURE FILINGS**
14   CAROLYN W. COLVIN, Commissioner      )
     of Social Security,                  )
15                                        )
                     Defendant.           )
16   _____  )

17   **I.    BACKGROUND**

18        On September 5, 2014, Plaintiff Edmundo C.[1], proceeding *pro se*, ("Plaintiff") filed

19   this lawsuit against the Commissioner of the Social Security Administration (the

20   "Commissioner") causes of action alleging that he was injured after falling of a ladder.

21   ECF No. 1.  His complaint made it unclear as to whether he did or did not file for Social

22   Security benefits. *Compare* ECF No. 1 at 1 ("I never filed for SSI on 3/5/10" and "I never

23   filed for 2 periods of disability on March 5") *with* ECF No. 1 at 2 ("I called and asked for

24   the status of my application representative told me that it had been approved . . . Social

25   _____

26   [1]   In accordance with S.D. Cal. Civ. R. 7.1(e)(6)(b), which provides that "[o]pinions
27   by the court in these [Social Security cases] will refer to any non-government parties by
     using only their first name and last initial," the Court has redacted Plaintiff's last name and
28   requests that the parties do so as well in any future filings.

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Security representative said you have a claim!"). Also on September 5, 2014, a summons was issued by the Clerk of the Court. ECF No. 2.

On October 30, 2014, Plaintiff filed a Notice of Lawsuit and Request for Waiver of Service of Summons. ECF No. 4. There was no indication that Plaintiff ever served the Commissioner, and the Commissioner never made an appearance in this lawsuit.

On March 13, 2015, after five months of inactivity, this Court issued an Order to Show Cause Why the Case Should Not Be Dismissed for failure to serve the Commissioner within 120 days of filing the Complaint in accordance with Federal Rule of Civil Procedure 4(m). ECF No. 5; *see also* FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *see also* S.D. Cal. Civ. R. 4.1(a)-(b) (providing that "[s]ervice of process . . . must be performed in accordance with Rule 4, Fed. R. Civ. P.," but if "[o]n the one hundredth (100th) day following the filing of the complaint . . . proof of service has not yet been filed, the clerk will prepare an order to show cause with notice to plaintiff why the case should not be dismissed without prejudice"). The Court specified how Plaintiff could effectively serve Defendant. ECF No. 5. Plaintiff was expressly warned that if he did not respond to the Order by April 3, 2015, or if his response did not adequately explain why the Commissioner had not yet been served, his case would be dismissed. *Id.*

On April 2, 2015, the Order to Show Cause was returned by the post office as undeliverable. ECF No. 8. Of the seven filings Plaintiff sent to the Court since the Order to Show Cause was issued, only one, dated May 28, 2015, included a return address for Plaintiff. ECF No. 16. The Court re-mailed the March 13 Order on May 28, 2015.

Since the March 13, 2015 Order, Plaintiff began frequently sending letters and civil cover sheets to the Court. Yet, none of the filings discuss any reasons for Plaintiff's failure to serve the Commissioner. For example, on March 30, 2015, Plaintiff sent a "corrected" civil cover sheet and a letter explaining how the previous civil cover sheet

-2-

was incorrect. ECF No. 7. On April 1, 2015, Plaintiff sent another, nearly identical, civil cover sheet and a letter stating, "ATTN: United States District Court. No Comments. Thank you. –U.S [sic] District Court." ECF No. 10. On May 19, 2015, Plaintiff filed a Notice of Award letter from the Social Security Administration and a pay stub. ECF No. 12. On June 10, 2015, Plaintiff filed another civil cover sheet without any explanation. ECF No. 18. Plaintiff's filings were and are insufficient to explain Plaintiff's failure to comply with the Federal Rules or the Court's March 13 Order. As such, on June 26, 2015, after ten months had passed since Plaintiff filed his Complaint, but he had still not served the Commission, the Court dismissed Plaintiff's case pursuant to Rule 4(m). ECF No. 19.

Since the Court dismissed Plaintiff's Complaint, he has attempted to submit documents to the Court more than 200 times. However, Rule 5.1(h) provides that "no document will be filed in any case by any person not a party thereto." S.D. Cal. Civ. R. 5.1(h). Given this case has been dismissed, there are no parties to this case, and there is no case pending before the Court.

Pursuant to Local Rule 5.1(c), "[t]here must be no . . . erasures or interlineations on a document unless they are noted by the clerk or judge by marginal initials at the time of filing." S.D. Cal. Civ. R. 5.1(c). Some of Plaintiff's submissions have interlineations, and thus, violate this rule.

Another local rule requires that documents filed in a social security case are not to use the social security applicant's last name or include the applicant's full Social Security Number. S.D. Cal. Civ. R. 7.1(3)(6). All of Mr. Plaintiff's filings contain confidential, sensitive information but do not provide information regarding what Plaintiff's would like the Court to do with the information he sends. The most recent submission, like many others, contains Plaintiff's full Social Security Number, along with the full Social Security Number of his spouse and his full bank account number. This violates Local Rule 7.1. Further, by accepting documents containing Plaintiff's confidential information (e.g., his Social Security Number and bank account numbers), this information would become

-3-

public record, which would be improper and put his information at risk of being stolen.

## II.   ORDER

Pursuant to Rule 5.1(f), "[u]nless a waiver is first obtained from the court, the clerk must not file any document which does not comply with the requirements of these rules." Because Plaintiff's documents do not comply with these rules, the documents Plaintiff sends to the Court have continuously been rejected. Nonetheless, Plaintiff has continued to send documents to the Court for over five years, despite being informed the documents would continue to be rejected as the case has been dismissed. This has resulted in a drain of judicial resources that could be provided to active cases in which the plaintiffs complied with their requirements to serve the defendants.

Accordingly, the Court orders as follows:

1.     Plaintiff is ordered to stop submitting documents to the Court related to Case No. 3:14-cv-02105-BEN-RBB, which was dismissed on June 26, 2015. Plaintiff's case is closed, and the Court reiterates to Plaintiff that any documents submitted to the Court in violation of this order will be rejected given the case has been closed for over five years. The dismissal of Plaintiff's case was without prejudice, and as such, he may file a new lawsuit at any time, in which he may submit filings in that case. However, any filings in this case, which is closed, will continue to be rejected.

The Clerk of the Court is hereby ordered to:

1.     reject any future filings by Plaintiff and return them to sender and

2.     provide notice of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED:     October 11, 2020

HON. ROGER T. BENITEZ
United States District Judge

-4-

3:14-cv-02105-BEN-RBB